**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 12-cr-0138-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KENNETH ROYAL WHEELER,

      Defendant.

---

**ORDER GRANTING PARTIES' JOINT ORAL MOTION FOR
ENDS OF JUSTICE CONTINUANCE**

---

At the July 29, 2013 hearing on Defendant's Motion to Dismiss (ECF No. 114), the parties made an oral motion for an ends-of-justice continuance. (ECF No. 127.) The Court granted the Motion on the record and ordered that six days be excluded from the Speedy Trial clock. (*Id.* at 3. ) The purpose of this Order is to set forth the basis for the Court's order.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . .

on the basis of its findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197

F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

> The Speedy Trial Act provides, in pertinent part:
>
> The following periods of delay shall be excluded . . . in computing the time
> within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any
> judge . . . at the request of the defendant or his counsel or at the request
> of the attorney for the Government, if the judge granted such continuance
> on the basis of his findings that the ends of justice served by taking such
> action outweigh the best interest of the public and the defendant in a
> speedy trial.

18 U.S.C. § 3161(h)(7)(A).

> In order for a continuance to qualify as an excludable "ends of justice"

continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197

F.3d at 441. First, the Court must consider the following factors listed in

§ 3161(h)(7)(B):

> (I) Whether the failure to grant such a continuance in the proceeding
> would be likely to make a continuation of such proceeding impossible, or
> result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of
> defendants, the nature of the prosecution, or the existence of novel
> questions of fact or law, that it is unreasonable to expect adequate
> preparation for pretrial proceedings or for the trial itself within the time
> limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the
> filing of the indictment is caused because the arrest occurs at a time such
> that it is unreasonable to expect return and filing of the indictment within
> the period specified in section 3161(b), or because the facts upon which
> the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

At the Court's July 29, 2013 hearing, Defendant orally moved for an ends-of-justice continuance and the Government did not oppose the request. Defense counsel stated on the record that a short extension of the Speedy Trial clock was necessary due to a number of personal matters he had on his calendar, as well as other trials in which he was scheduled to participate. Defense counsel noted that his preparation with the Defendant in this case will be lengthier than is typical because the Defendant himself is very involved with this prosecution.

3

The Court notes that preservation of the relationship between defense counsel and the Defendant is very important to this case.  Mr. Hutt is Defendant's second counsel and has been able to work well with the Defendant thus far in this litigation. The Court finds it imperative to preserve that relationship in anticipation of the upcoming trial.  As such, the Court finds it necessary to grant the requested continuance to permit defense counsel adequate time to prepare his case.

In finding that the additional time requested is necessary to ensure a proper defense, the Court has relied on the professional experience and judgment of counsel. The Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.*  The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  Accordingly,

(1)     That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

4

(2)     That even considering due diligence, failure to grant the motion would

        deny counsel for Defendant the reasonable time necessary for effective

        pretrial and trial preparation within the meaning of 18 U.S.C. §

        3161(h)(7)(B)(iv);

(3)     That 6 days should be excluded from the computation of the speedy trial

        time; and

(4)     That, therefore, the ends of justice served by granting the motion

        outweighs the best interests of the public and Defendant in a speedy trial

        within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS ORDERED:

(1)     That the parties' oral Joint Motion for Ends of Justice Continuance is

        GRANTED;

(2)     That 6 days are to be excluded from the computation of the Speedy Trial

        date;

(3)     This case remains set for a four-day jury trial beginning on **September 23,**

        **2013** with a Final Trial Preparation Conference at **10:00 a.m. on**

        **September 12, 2013.**


Dated this 28th day of August, 2013.

                                            BY THE COURT:


                                            _____
                                            William J. Martinez
                                            United States District Judge